**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BRANCH BANKING & TRUST COMPANY, | ) ) | |
| | ) | CIVIL ACTION FILE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WATERSIDE PROPERTIES, LLC and PAUL H. ROBINSON, JR., | ) ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT FOR DAMAGES
FOR BREACH OF CONTRACT**

COMES NOW Branch Banking & Trust Company ("BB&T"), by and

through the undersigned counsel, and files this Verified Complaint against

Waterside Properties, LLC and Paul H. Robinson, Jr. ("Defendants"), showing this

Court the following:

**THE PARTIES, JURISDICTION, AND VENUE**

1.

BB&T is a banking corporation organized under the laws of the State of

North Carolina.  BB&T maintains its principal place of business in Winston-

Salem, North Carolina.

2.

Paul H. Robinson, Jr. ("Robinson") is an individual who is a citizen of the State of Georgia.  Robinson may be served with process at his residence located in Lithia Springs, Douglas County, Georgia 30122.

3.

Waterside Properties, LLC ("Waterside") is a limited liability company organized pursuant to the laws of the State of Georgia which maintains its principal place of business in the State of Georgia.  The members of Waterside are Robinson and Gary A. Yates ("Yates").  Robinson and Yates are each citizens of the State of Georgia.  Waterside may be served with process by service upon its registered agent, Philip E. Johnson, located at 6782 Broad Street, Douglasville, Douglas County, Georgia 30134.

4.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between BB&T and Defendants, and because the amount in controversy exceeds $75,000.

5.

Robinson and Waterside are subject to the general personal jurisdiction of this Court because they are each citizens of the State of Georgia.

6.

The Atlanta Division of this Court is an appropriate venue for this civil action pursuant to 28 U.S.C. § 1391(b) and L.R. 3.1.

## BACKGROUND FACTS

## THE WATERSIDE NOTE

7.

On March 24, 2009, Waterside executed a "Promissory Note" in favor of BB&T in the original principal amount of $1,800,000 (together with any modifications thereto, the "Note").

8.

The Note was modified pursuant to those certain "Note Modification Agreements" dated April 7, 2010, August 3, 2010, and October 26, 2010.

9.

A true and correct copy of the Note is attached hereto as **Exhibit A.**

10.

BB&T advanced funds to Waterside pursuant to the Note.

11.

The Note states that BB&T may recover its attorneys' fees in the event that the Note is placed with an attorney for collection:

Time is of the essence of this contract, and in case this Note or any part of the indebtedness evidenced hereby is collected by law or through an attorney-at-law, or on advice therefrom, the Holder shall be entitled to collect attorneys' fees in an amount equal to fifteen (15%) percent of the principal and interest outstanding, and all costs of collection.

[Exhibit A, p. 1].

12.

In connection with and to secure repayment of the Note, Waterside executed that certain "Mortgage" agreement dated March 24, 2009 and recorded in Mortgage Book 2009, Page12279, in the Office of the Judge of Probate of St. Clair County, Alabama (the "Mortgage"), wherein Waterside conveyed to BB&T all of its right, title, and interest in and to certain real property (the "Property") as described in Exhibit A to the Mortgage.

13.

A true and correct copy of the Mortgage is attached hereto as **Exhibit B.**

## ROBINSON'S GUARANTY

14.

On March 24, 2009, Robinson executed that certain "Guaranty Agreement" in favor of BB&T (the "Guaranty").

15.

A true and correct copy of the Guaranty is attached hereto as **Exhibit C**.

4

16.

Pursuant to the Guaranty, Robinson agreed to unconditionally guaranty the

debt of Waterside, including as follows:

> the full and prompt payment when due, whether by acceleration or
> otherwise, and at all times hereafter, of:   (a) the indebtedness
> evidenced by that certain Promissory Note of even date herewith
> executed by the Borrower and payable to the order of the Bank in the
> principal amount of $1,800,000, representing a loan (the "Loan") from
> the Bank to the Borrower, plus the interest specified in such note, and
> any and all extensions, renewals, modifications, amendments,
> replacements and consolidations of such note (which note and any and
> all extensions, renewals, modifications, amendments, replacements
> and consolidations thereof are collectively referred to herein as the
> "Note"); (b) all expenses, including without limitation fifteen percent
> (15%) of the principal and interest as attorneys' fees, incurred in the
> collection of the Note, the enforcement of rights under any security
> therefor and the enforcement hereof . . . .

[Exhibit C, p.1].

17.

Pursuant to the Guaranty, Robinson further agreed to pay the debts of

Waterside upon demand if Waterside did not pay them:

> In the event the Borrower fails to pay the Liabilities, the Undersigned
> shall upon the written demand of the Bank, promptly and with due
> diligence pay the Liabilities.  All amounts received by the Bank from
> realization upon the security and collateral for the Loan or from any
> other sources whatsoever except payment from the Undersigned, may
> be applied by the Bank in such manner as the Bank may elect and
> none of such amounts need be applied against amounts owed by the
> Undersigned until all other Liabilities have been paid in full.

[Exhibit C, p. 1].

## DEFENDANTS' DEFAULT

### 18.

The Note matured pursuant to its terms on January 10, 2011 (the "Maturity Date").

### 19.

Upon the Maturity Date, Waterside was required to pay in full all principal and interest outstanding under the Note.

### 20.

Waterside failed to pay in full the principal and interest due under the Note on or after the Maturity Date and therefore was in default of the Note as of January 10, 2011.

### 21.

Robinson failed to pay in full the principal and interest due under the Note on or after the Maturity Date and therefore was in default of the Guaranty as of January 10, 2011.

### 22.

In a letter dated June 1, 2011, counsel for BB&T notified Waterside and Robinson that they were in default of the Note and Guaranty and demanded

immediate payment in full of the outstanding balance of $1,845,580.61 (the

"Demand Letter").

23.

The Demand Letter further advised Defendants that if they failed to pay the

outstanding balance owed on the Note within ten (10) days of their receipt of the

Demand Letter, BB&T would seek to recover its attorneys' fees and the costs of

collection pursuant to O.C.G.A. § 13-1-11 and the attorneys' fees provisions

contained in the Note and Guaranty.

24.

A true and correct copy of the Demand Letter is attached hereto as **Exhibit**

**D**.

25.

Defendants failed to pay the outstanding balance owed on the Note within

ten (10) days of their receipt of the Demand Letter.

**THE FORECLOSURE SALE**

26.

As a result of the Defendants' default on the Note and Guaranty, on June 30,

2011, BB&T conducted a foreclosure sale of the Property located in St. Clair

County, Alabama which secured the Note (the "Foreclosure Sale").

27.

Notice of the Foreclosure Sale was published in the *St. Clair News-Aegis*, a newspaper of general circulation published in St. Clair County, Alabama, on June 9, June 15, and June 23, 2011 and was published in accordance with the requirements of Ala. Code § 35-10-13.

28.

The Foreclosure Sale was duly and properly conducted in front of the courthouse door of the St. Clair County Courthouse in the City of Ashville, Alabama, in accordance with Ala. Code § 35-10-14.

29.

BB&T obtained an appraisal of the Property from Van Steven Morgan MAI, SRA, dated March 29, 2011 (the "Appraisal").  The Property was appraised for a fair market value of $1,168,000.

30.

At the Foreclosure Sale, BB&T purchased the collateral Property for $1,168,000.00, which was the highest bid at the Foreclosure Sale (the "Foreclosure Proceeds").

31.

A Mortgage Foreclosure Deed transferring title and ownership of the

Property to BB&T was recorded at Deed Book 2011, Page 4520 in the Office of

the Judge of Probate of St. Clair County, Alabama (the "Foreclosure Deed").

32.

A true and correct copy of the Foreclosure Deed is attached hereto as

**Exhibit E**.

33.

After the Foreclosure Sale was completed and title to the Property was

transferred to BB&T, BB&T applied the fair market value of $1,168,000 to

Defendants' outstanding debt.

**THE BALANCE OWED ON THE NOTE AND GUARANTY**

34.

As of the filing of this lawsuit, Defendants remain in default under the terms

of the Note and Guaranty for failing to pay the balance of the amounts due under

the Note.

35.

As of April 10, 2015, the unpaid balance due on the Note after applying

credit for the fair market value of the Property, exclusive of attorneys' fees and

expenses, is $845,754.74, which is comprised of $577,276.54 in principal,

$255,862.09 in accrued interest, and $12,616.11 in fees.  Interest continues to

accrue at a rate of $132.29 per day.

## COUNT I
## BREACH OF NOTE
## AGAINST WATERSIDE

36.

BB&T hereby incorporates the preceding paragraphs of its Verified

Complaint as if re-stated fully herein.

37.

The Note required Waterside to pay all principal and interest due under the

Note no later than the Maturity Date.

38.

Waterside failed to pay the principal and interest due under the Note on or

before the Maturity Date and has not paid in full the principal and interest due

under the Note since the Maturity Date.

39.

Waterside has breached the Note due to its failure to pay all principal and

interest due thereunder.

40.

Due to Waterside's breach of the Note, BB&T is entitled to recover damages from Waterside, exclusive of attorneys' fees, in the amount of $845,754.74 as of April 10, 2015, which is comprised of $577,276.54 in principal, $255,862.09 in accrued interest, and $12,616.11 in fees, with interest continuing to accrue thereon at a rate of $132.29 per day.

## COUNT II
## BREACH OF GUARANTY
## AGAINST ROBINSON

41.

BB&T hereby incorporates the preceding paragraphs of its Verified Complaint as if re-stated fully herein.

42.

The Guaranty requires that Robinson pay Waterside's liabilities under the Note in the event that Waterside fails to pay them.

43.

Robinson has breached the Guaranty by failing to pay the principal and interest due by Waterside under the Note.

44.

Due to Robinson's breach of the Guaranty, BB&T is entitled to recover

damages from Robinson, exclusive of attorneys' fees, in the amount of

$845,754.74 as of April 10, 2015, which is comprised of $577,276.54 in principal,

$255,862.09 in accrued interest, and $12,616.11 in fees, with interest continuing to

accrue at a rate of $132.29 per day.

## COUNT III
## STATUTORY ATTORNEYS' FEES
## AGAINST WATERSIDE AND ROBINSON

45.

BB&T hereby incorporates the preceding paragraphs of its Verified

Complaint as if re-stated fully herein.

46.

In the event that BB&T seeks to collect on the Note with the assistance of an

attorney, the Note and the Guaranty obligate Robinson and Waterside to pay

BB&T's attorneys' fees in the amount of fifteen percent (15%) of the principal and

interest due on the Note.

47.

BB&T previously engaged the law firm of Balch & Bingham, LLP to

foreclose on the collateral Property and has engaged the law firm of Womble

Carlyle Sandridge and Rice, LLP to assist it in collecting the remaining balance

owed on the Note.

48.

Pursuant to O.C.G.A. § 13-1-11, Robinson and Waterside are liable to

BB&T for its attorneys' fees in the amount of fifteen percent (15%) of the

principal and interest owed on the Note.  As of April 10, 2015, this amount is

$302,063.21 (as calculated below), with attorneys' fees continuing to accrue at a

rate of $19.84 per day.

| Description | Amount |
|---|---|
| Attorneys' Fees Owed Prior to the Date the Foreclosure Sale Proceeds Were Applied (July 28, 2011) (15% of the $1,834,762.93 outstanding on the Note) | $275,214.44 |
| Attorneys' Fees Owed on Interest Accrued Between the Date the Foreclosure Sale Proceeds Were Applied (July 28, 2011) and April 10, 2015 (15% of the $178,991.81 in Interest Accrued) | $26,848.77 |
| **Total Through April 10, 2015** | **$302,063.21** |

WHEREFORE BB&T respectfully prays that this Court:

(A)    Enter judgment against Robinson and Waterside, jointly and severally,

for breach of the Note and Guaranty in the amount of $845,754.74, exclusive of

13

attorneys' fees, with interest continuing to accrue at a rate of $132.29 per day

through the date of judgment;

(B)     Enter judgment against Robinson and Waterside, jointly and severally,

for statutory attorneys' fees in the amount of $302,063.21, with attorneys' fees

continuing to accrue at a rate of $19.84 per day through the date of judgment; and

(C)     Award all such other legal and equitable relief as the Court deems

appropriate.

Respectfully submitted this the 8th day of June, 2015.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

By:     */s/ Julie E. Adkins*
        Robert R. Ambler, Jr.
        State Bar No. 014462
        Jennifer S. Collins
        State Bar No. 436806
        Julie E. Adkins
        State Bar No. 871742
        271 17th Street, NW, Suite 2400
        Atlanta, Georgia 30363-1017
        Phone: (404) 872-7000
        rambler@wcsr.com
        jennifer.collins@wcsr.com
        jadkins@wcsr.com

        *Attorneys for Branch Banking &*
        *Trust Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANCH BANKING & TRUST )
COMPANY, )
 )
 ) CIVIL ACTION FILE NO.:
Plaintiff, )
 )
v. )
 )
PAUL H. ROBINSON, JR., and )
WATERSIDE PROPERTIES, LLC, )
 )
Defendant. )

## VERIFICATION

The undersigned hereby certifies that she is Assistant Vice President of

Branch Banking and Trust Company ("BB&T"), that she has authority to make this

Verification, that she has reviewed the within and foregoing Verified Complaint

for Damages for Breach of Contract, and that the facts recited herein are true and

correct based upon her personal knowledge and upon her review of the business

records of BB&T, which are maintained and relied upon in the ordinary course of

BB&T's business.

BRANCH BANKING & TRUST COMPANY

By: _Yvonne Beck_____
Yvonne Beck
Assistant Vice President

WCSR 34027653v2

Sworn to and subscribed before me
This ⊔th day of _____June_____, 2015.

_Kimberly J. Vaughn_
Notary Public
My Commission Expires: April 2, 2018

```
KIMBERLY T. VAUGHN
Notary Public
Davidson Co., North Carolina
My Commission Expires Apr. 2, 2018
```

2

WCSR 34027653v2