# EXHIBIT A

Borrower: Waterside Properties, LLC,
a Georgia limited liability company
Address: P. O. Box 1137
Douglasville, GA 30133

Account No.:  7287
Note No. _____ 00001

Douglasville, Georgia
March 24, 2009

## PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned **WATERSIDE PROPERTIES, LLC,** a Georgia limited liability company (the "Maker"), does hereby promise to pay to the order of **BRANCH BANKING AND TRUST COMPANY** (the "Bank," and together with any holder hereof, the "Holder"), at the office of the Bank at 63 Barrett Parkway, Marietta, Georgia 30066, or at such other place as the Holder may designate in writing, in lawful money of the United States of America, the principal sum of **ONE MILLION EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($1,800,000.00),** or so much thereof as is advanced and unpaid, together with interest thereon from the date of each advance at the rate or rates set out herein as from time to time in effect.

The outstanding principal balance of this Note shall bear interest as next set forth in Section A or Section B, as indicated by the marked line beside the caption for the applicable section:

**XX    Section A.  Variable Rate**

The outstanding principal balance of this Note shall bear interest at an annual rate equal to the "Prime Rate," as that term is herein defined, plus **one-half (0.50%),** but in no event less than 5.00% per annum.    The rate of interest earned on this Note shall change on the same date that the Prime Rate changes.  As of the date of this Note the Prime Rate is three and one-fourth **(3.25%)** percent per annum, and consequently the initial rate of interest charged on this Note is five **(5.00%)** percent per annum.

The "Prime Rate" shall mean the rate announced from time to time by the Bank at its main office in Winston-Salem, North Carolina, as the prime rate of the Bank.  The Prime Rate in effect as of the close of business of each day shall be the applicable rate for that day and for any succeeding non-business day or days of the Bank in determining the applicable interest rate.  If the Prime Rate is discontinued as a standard or becomes unascertainable, the Holder shall designate in writing to the Maker a comparable reference rate which shall be deemed to be the Prime Rate hereunder.  The Maker acknowledges that the Prime Rate is not necessarily the best rate offered by the Bank to all its customers and that the Prime Rate may at times be greater or less than the rate of interest that the Bank makes available to its best commercial customers.

**___   Section B.  Fixed Rate**

The outstanding principal balance of this Note shall bear interest at the fixed rate of _____ (___%) percent per annum.

Interest shall be payable monthly beginning May 10, 2009 and continuing on the 10th day of each month thereafter for so long as any sum remains unpaid under this Note.  One final payment of all principal and interest shall be due on APRIL 10, 2010, which date is the maturity date and at which time all the outstanding principal and all other then outstanding indebtedness under this Note shall be payable in full.  Interest shall be calculated based on a 360-day year and the actual number of days that principal is outstanding, whereby an amount of daily interest is computed for a hypothetical year of 360 days, and such amount is then multiplied by the actual number of days in the interest-calculation period.

Any payment of principal or interest which is not made when due, as herein provided, shall, at the option of the Holder, bear interest until paid at the rate that is five percent (5%) per annum above the interest rate that would otherwise be in effect; and in addition the Maker will pay the Holder a "late charge" equal to five percent (5%) of any amount overdue for more than 15 days, to help defray the costs of administering late payments.  All such interest and late charges shall be paid at the time of and as a condition precedent to the curing of any such default should Holder, at its sole option, allow such default to be cured.

Time is of the essence of this contract, and in case this Note or any part of the indebtedness evidenced hereby is collected by law or through an attorney-at-law, or on advice therefrom, the Holder shall be entitled to collect attorneys' fees in an amount equal to fifteen (15%) percent of the principal and interest outstanding, and all costs of collection.  So long as there is no default hereunder, this Note may be prepaid in whole or in part at any time without penalty for such prepayment and without further interest on the amounts prepaid.  Each

payment under this Note shall be applied first to the payment of late charges, if any, then to the payment of accrued and unpaid interest, and the balance thereof shall be applied to principal.

This Note is executed and delivered pursuant to the terms and provisions of a certain loan agreement between the Maker and the Bank of even date herewith (the "Loan Agreement"). Disbursement under this Note shall in all respects be governed by the terms and conditions of the Loan Agreement, as the same may be hereafter amended or supplemented in writing; provided, however, that neither the foregoing reference to the Loan Agreement, as the same may hereafter be amended or supplemented, nor any provisions thereof shall in any manner affect or impair the absolute and unconditional obligation of the Maker to pay the outstanding principal balance hereof and the unpaid, accrued interest hereon as the same shall become due and payable. This Note is secured by, without limitation, a Deed to Secure Debt and Security Agreement, of even date herewith, executed by the Maker in favor of the Bank (the "Security Deed").

The Holder shall have the right to declare the total amount of the unpaid principal balance plus accrued interest thereon to be due and immediately payable in advance of the maturity date of any installments as fixed herein, upon the failure of the Maker to pay, when due, any of the installments hereon, or upon the occurrence of any event of default in the Security Deed, or under the Loan Agreement. Upon the exercise of this option by the Holder, the entire unpaid principal balance and all accrued and unpaid interest shall immediately and without notice become due and payable.

The Maker, any endorsers and guarantors hereof, and all other parties who may become liable for all or any part of this Note or the obligations evidenced hereby, severally waive presentment, demand for payment, protest, notice of protest and of non-payment, and all other notice of any kind or nature, and hereby expressly consent to any number of renewals or extensions of the time of payment under this Note. Any such renewals or extensions may be made without notice to any of said parties, none of whom shall be released from their liability hereon by reason of any forbearance or extension of time granted to the Maker or to any subsequent owner or owners of the property conveyed as security for this Note, with or without notice to or the consent of any of said parties.

The Maker hereby waives and renounces, for the Maker and the Maker's heirs, successors and assigns, all rights to the benefits of any statute of limitations, any moratorium, reinstatement, marshalling, forbearance, valuation, stay, extension, redemption, appraisement, exemption and homestead rights now provided, or which may hereafter be provided, by the Constitution or laws of the United States of America or of any state thereof, both as to the Maker and as to all the Maker's property, both real and personal, against the enforcement and collection of the obligations evidenced by this Note or any renewal, modification or extension thereof. The Maker hereby transfers, conveys and assigns to the Holder a sufficient amount of any such homestead or exemption as may be set apart in bankruptcy, to pay this Note in full with all costs of collection, and does hereby direct any trustee in bankruptcy to release to the Holder a sufficient amount of property or money set apart as exempt to pay the indebtedness evidenced hereby, or any renewal hereof, and does hereby appoint the Holder as the attorney-in-fact for the Maker to claim any and all homestead exemptions allowed by law.

No failure to accelerate the debt evidenced hereby by reason of default hereunder, acceptance of a past installment, or indulgences granted from time to time shall be construed (i) as a novation of this Note or as a restatement of the indebtedness evidenced hereby or as a waiver of such right of acceleration or of the right of Holder thereafter to insist upon strict compliance with the terms of this Note, or (ii) to prevent the exercise of such right of acceleration or any other right granted hereunder or by applicable law. This Note may not be modified orally, but only by an agreement in writing signed by the party against whom the enforcement of any waiver, change, modification or discharge is sought.

As used herein, the terms "Maker" and "Holder" shall be deemed to include their respective heirs, legal representatives, successors and assigns, whether by voluntary action of the parties or by operation of law. In the event that more than one person, firm or entity comprises the Maker, then all reference to the "Maker" shall be deemed to refer equally to each of said persons, firms and entities, all of whom or which shall be jointly and severally liable for all the obligations of the Maker hereunder.

In no event shall the amount of interest and other charges paid or payable hereunder exceed the maximum rate of interest allowed by applicable law, and in the event any such excess payment is inadvertently paid by the Maker or inadvertently received by the Holder, then such excess sum shall be credited as a payment of principal, unless the Maker shall notify the Holder, in writing, that the Maker elects to have such excess sum returned to it promptly. It is the express intent of the parties that the Maker not pay and the Holder not receive, directly or indirectly in any manner whatsoever, interest and other payments in excess of that which may be legally paid by the Maker under applicable law.

In addition to any other rights of the Holder under this Note, the Loan Agreement, the Security Deed or applicable law, the Maker hereby grants to the Holder, and the Holder shall have, a lien and banker's lien on, security title to, and a security interest in, the deposit balances, accounts, items, certificates of deposit and monies of the Maker in the possession of or on deposit with the Holder, to secure and as collateral for the payment of the indebtedness evidenced by this Note. During such time as an event of default is continuing under this Note, the Loan Agreement, the Security Deed or any of them, the Holder may, at any time and from time to time, without demand or notice, appropriate, set-off against and apply the same to the indebtedness evidenced hereby.

No delay or failure on the part of the Holder in the exercise of any right or remedy hereunder or under any of the other Loan Documents shall operate as a waiver thereof, and no single or partial exercise by the Holder of any such right or remedy shall preclude or estop another or further exercise thereof or the exercise of any other right or remedy. The Holder shall be under no duty to exercise any or all of the rights and remedies given by this Note or under any of the other Loan Documents and no party to this instrument shall be discharged from the obligations or undertakings hereunder (a) should the Holder release or agree not to sue any person against whom the party has, to the knowledge of the Holder, a right to recourse, or (b) should the Holder agree to suspend the right to enforce this Note or the Holder's interest in any collateral pledged or any guarantee given to secure this Note against such person or otherwise discharge such person.

This Note has been executed and delivered in the State of Georgia and shall be governed by and construed in accordance with the laws thereof.

IN WITNESS WHEREOF, the undersigned Maker has executed this instrument under seal, as of the day and year first above written.

Partnership/LLC Maker

**WATERSIDE PROPERTIES, LLC, a**
**Georgia limited liability company**

By: _____ (Seal)
    Paul H. Robinson, Jr., Member

Maker    WATERSIDE PROPERTIES LLC

Address   PO BOX 1137

     DOUGLSVILLE, GA 30133-0000

Customer Number   00001

Note Number

# BB&T

## NOTE MODIFICATION AGREEMENT

| $ 1,800,000.00 | 03/24/2009 | $ 1,800,000.00 | 04/07/2010 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this _____7th_____ day of _____April, 2010_____ , by and between ___WATERSIDE PROPERTIES LLC___

maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Grantor(s).

Witnesseth: Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the parties hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment fee as set forth in the Prepayment Fee Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed are deleted.)**

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed Rate of _____ % per annum.

☒ Variable rate of the Bank's Prime Rate plus ___2.000___ % per annum to be adjusted _____Daily_____ as the Bank's Prime Rate changes.

☒ As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here ☒ ,the interest rate will not exceed a(n) ☒ fixed ☐ average maximum rate of ___99.000___ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of ___6.000___ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

_____

**Principal and interest are payable as follows:**

☒ Principal (plus any accrued interest not otherwise scheduled herein)    } is due in full at maturity on ___07/10/2010___ .
☐ Principal plus accrued interest

☐ Payable in consecutive _____ installments of ☐ Principal    } commencing on _____
     ☐ Principal and interest

and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____ , with one final payment of all remaining principal and accrued interest due on _____ .

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____ .

☒ Accrued interest is payable _____Monthly_____ commencing on ___May 10, 2010___ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on ___July 10, 2010___ .

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

☐ At the Borrower's request, the Bank has agreed to readvance the principal amount of $ _____ . The outstanding principal balance under the Promissory Note prior to the readvance is $ _____ , making the total outstanding principal balance now due under the Promissory Note and this Agreement to be $ _____ ("Modification Amount").

☐ _____

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred:

☐ $ _____ principal    } payment(s) due on _____
    $ _____ interest

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

*ACCOUNT#/NOTE#*
9541551287   00001



1373GA (0007)

Page 1 of 4

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to Bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s). and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.  In addition to Bank's right of off-set and to any liens and security interests granted to Bank in the Agreements, the undersigned hereby grants to Bank a security interest in all of its depository accounts with and investment property held by Bank, which shall serve as collateral for the indebtedness and obligations evidenced by this Note.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐ dated _____ in the maximum principal amount of $ _____

   granted by _____

☐ dated _____ in the maximum principal amount of $ _____

   granted by _____

Security Agreement(s) granting a security interest to Bank:

☐ dated _____ given by _____

   _____.

☐ dated _____ given by _____

   _____.

☐ Securities Account Pledge and Security Agreement dated _____ , executed by

☐ Control Agreement(s) dated _____ , covering  ☐ Deposit Account(s)        ☐ Investment Property
                                                                ☐ Letter of Credit Rights   ☐ Electronic Chattel Paper

☐ Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____
   _____ , executed by _____

☐ Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____ , executed
   by _____.

☐ Assignment of Life Insurance Policy as Collateral dated _____ , executed by
   _____.

☐ Loan Agreement dated _____ , executed by Borrower and  ☐ Guarantor(s).

☐ _____
   _____.

☐ _____
   _____.

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:
   _____
   _____.

OTHER: _____
   _____.

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This modification shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Note, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original fixed payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

1373GA (0907)                                                                                      Page 2 of 4

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of Georgia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

(SIGNATURES ON FOLLOWING PAGE)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: _____WATERSIDE PROPERTIES LLC_____

Account Number: _____ ███ 1287 _____     Note Number: _____ 00001 _____

Modification Amount: ___ 1,800,000.00 _____     Modification Date: ____ 04/07/2010 _____

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

   IN WITNESS WHEREOF, the undersigned, on the day and year first written above, have caused this instrument to be executed under seal.

### If Borrower is a Corporation:

WITNESS:

_____     _____
                                    NAME OF CORPORATION

                                    By: _____ (SEAL)

                                    Title: _____

                                    By: _____ (SEAL)

                                    Title: _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:

WITNESS:

_____     _____WATERSIDE PROPERTIES LLC_____
                                    NAME OF PARTNERSHIP, LLC, LLP, OR LLLP

                                    By: _____ (SEAL)

                                    Title: _____

                                    By: _____ (SEAL)

                                    Title: _____

                                    By: _____ (SEAL)

                                    Title: _____

### If Borrower is an Individual:

WITNESS:

_____     _____ (SEAL)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____     _____ (SEAL)

_____     _____ (SEAL)

_____     _____ (SEAL)

_____     _____ (SEAL)

_____     _____ (SEAL)

_____     _____ (SEAL)

Modification Amount: L-800.000.005

Modification Date: 04/07/2010

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, have caused this instrument to be executed under seal.

**If Borrower is a Corporation:**

WITNESS:

NAME OF CORPORATION

By: _____ (SEAL)

Title: _____

By: _____ (SEAL)

Title: _____

**If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:**

WITNESS:

Notary Public Douglas County, Georgia
My Commission Expires Feb. 2, 2011

*Sherrie Stephens*

WATERSIDE PROPERTIES LLC

NAME OF PARTNERSHIP, LLC, LLP, OR LLLP

By: _____ (SEAL)

Title: Manager

By: _____ (SEAL)

Title: _____

By: _____ (SEAL)

Title: _____

**If Borrower is an Individual:**

WITNESS:

_____ (SEAL)

**Additional Borrowers and Debtors/Grantors/Guarantors:**

WITNESS:

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

Maker   WATERSIDE PROPERTIES LLC
Address  PO BOX 1137
         DOUGLSVILLE GA 30133-0000

1287
Customer Number

00001
Note Number

# BB&T

## NOTE MODIFICATION AGREEMENT

| $ 1,800,000.00 | 03/24/2009 | $ 1,800,000.00 | 08/03/2010 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this __3rd__ day of __August, 2010__,
by and between __WATERSIDE PROPERTIES LLC__
maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as
Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and
severally as Debtor(s)/Grantor(s).

Witnesseth: Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory
Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by
description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set
forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of
Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if
different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars
($10) and other good and valuable consideration, each to the other parties paid, the parties hereto agree that said Promissory Note is amended as
hereinafter described:

☐  Borrower shall pay a prepayment fee as set forth in the Prepayment Fee Addendum attached hereto.

INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not
completed are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:
☐  Fixed Rate of _____ % per annum.
☒  Variable rate of the Bank's Prime Rate plus __2.000__ % per annum to be adjusted _____ Daily _____ as the Bank's Prime
Rate changes.
☒  As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note are hereby
deleted. If checked here ☒ the interest rate will not exceed a(n) ☒ fixed ☐ average maximum rate of __99.000__ % or a
☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed
minimum rate of __6.500__ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be
made: ☐  when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

Principal and interest are payable as follows:
☐  Principal (plus any accrued interest not otherwise scheduled herein)
☒  Principal plus accrued interest                              } is due in full at maturity on __09/10/2010__ _____
☐  Payable in consecutive _____ installments of ☐ Principal
                                                   ☐ Principal and interest } commencing on _____
   and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____, with one final
   payment of all remaining principal and accrued interest due on _____
☐  ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____
   and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due
   on _____
☐  Accrued interest is payable _____ commencing on _____ and continuing on the same day
   of each calendar period thereafter, with one final payment of all remaining interest due on _____
☐  Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder_____ on _____ and continuing on
   the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date
   of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.
☐  At the Borrower's request, the Bank has agreed to readvance the principal amount of $_____  _____. The outstanding
   principal balance under the Promissory Note prior to the readvance is $ _____, making the total outstanding principal
   balance now due hereunder to be $ _____ ("Modification Amount").
☐ _____
☐ _____
☐  Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due
   on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred:
☐  $_____ principal
   $_____ interest } payment(s) due on _____
   is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to
   the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
9541551287    00001

1373GA (1004)



Page 1 of 4

IMAGE OF POOR QUALITY
DUE TO CONDITION OF
ORIGINAL DOCUMENT

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to Bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.  In addition to Bank's right of off-set and to any liens and security interests granted to Bank in the Agreements, the undersigned hereby grants to Bank a security interest in all of its depository accounts with and investment property held by Bank, which shall serve as collateral for the indebtedness and obligations evidenced by the Promissory Note, as modified.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐   dated _____ in the maximum principal amount of $ _____

    granted by _____

☐   dated _____ in the maximum principal amount of $ _____

    granted by _____

Security Agreement(s) granting a security interest to Bank:

☐   dated _____ given by _____

    _____

☐   dated _____ given by _____

    _____

☐   Securities Account Pledge and Security Agreement dated _____, executed by

    _____

☐   Control Agreement(s) dated _____, covering ☐ Deposit Account(s)   ☐ Investment Property
                                                                                 ☐ Letter of Credit Rights   ☐ Electronic Chattel Paper

☐   Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____
    _____, executed by _____

☐   Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____, executed
    by _____.

☐   Assignment of Life Insurance Policy as Collateral dated _____, executed by
    _____.

☐   Loan Agreement dated _____, executed by Borrower and ☐ Guarantor(s).

☐   _____

☐   _____

☐   The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the Promissory Note:
    _____
    _____

OTHER:_____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) evidenced by the Promissory Note is not extinguished hereby. It is agreed that except for the modification(s) contained herein, the Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in the Promissory Note, as modified hereby, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under the Promissory Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with the Promissory Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with the Promissory Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note, as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under the Promissory Note, as modified hereby, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of Georgia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under the Promissory Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

<u>WAIVER OF TRIAL BY JURY.</u> UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by the Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

(SIGNATURES ON FOLLOWING PAGE)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: _____ WATERSIDE PROPERTIES LLC _____

| | | | |
|---|---|---|---|
| Account Number: | ████ 1287 | Note Number: | 00001 |
| Modification Amount: | 1,800,000.00 | Modification Date: | 08/03/2010 |

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, have caused this Agreement to be executed under seal.

### If Borrower is a Corporation:

WITNESS:

_____      _____
                                            NAME OF CORPORATION

_____    By: _____ (SEAL)

                                     Title: _____

_____    By: _____ (SEAL)

                                     Title: _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:

WITNESS:

*Deborah A Mathis* _____    WATERSIDE PROPERTIES LLC
                                      NAME OF PARTNERSHIP, LLC, LLP, OR LLLP

                                      By: *Paul W Holland* (SEAL)

                                      Title: *Manager*

_____    By: _____ (SEAL)

                                     Title: _____

_____    By: _____ (SEAL)

                                     Title: _____

### If Borrower is an Individual:

WITNESS:

_____    _____ (SEAL)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

Maker    WATERSIDE PROPERTIES LLC

Address   PO BOX 1137

DOUGLASVILLE, GA 30133-0000

1287
Customer Number
00001
Note Number



# BB&T

## NOTE MODIFICATION AGREEMENT

| $ | 1,800,000.00 | 03/24/2009 | $ | 1,800,000.00 | 10/26/2010 |
|---|---|---|---|---|---|
| | Original Amount of Note | Original Date | | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this ___26th___ day of ___October, 2010___, by and between ___WATERSIDE PROPERTIES LLC___
maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Grantor(s).

Witnesseth: Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth, that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the parties hereto agree that said Promissory Note is amended as hereinafter described:

        Borrower shall pay a prepayment fee as set forth in the Prepayment Fee Addendum attached hereto.

INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:
        Fixed Rate of _____ % per annum.

X    Variable rate of the Bank's Prime Rate plus ___2.000___ % per annum to be adjusted _____Daily_____ as the Bank's Prime Rate changes.

X    As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note are hereby deleted If checked here ___X___ ,the interest rate will not exceed a(n) ___X___ fixed _____ average maximum rate of ___99.000___ % or a floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of ___6.500___ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made:    when the Note is repaid in full by Borrower _____ annually beginning on _____.

        Principal and interest are payable as follows:

X    Principal (plus any accrued interest not otherwise scheduled herein) } is due in full at maturity on ___01/10/2011___
     Principal plus accrued interest
     Payable in consecutive _____ installments of    Principal } commencing on
                                                         Principal and interest }
     and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____ , with one final payment of all remaining principal and accrued interest due on _____

     ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____
     and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____

X    Accrued interest is payable ___Monthly___ commencing on ___November 10, 2010___ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on ___January 10, 2011___ .

        Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder_____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

        At the Borrower's request, the Bank has agreed to readvance the principal amount of $_____. The outstanding principal balance under the Promissory Note prior to the readvance is $_____, making the total outstanding principal balance now due hereunder to be $_____ ("Modification Amount").

        Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred.

        $ _____ principal
        $ _____ interest } payment(s) due on _____

        is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
954 1551287    00001

1373GA (1004)



Page 1 of 4

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to Bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL:    The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.   In addition to Bank's right of set-off and to any liens and security interests granted to Bank in the Agreements, the undersigned hereby grants to Bank a security interest in all of its depository accounts with and investment property held by Bank, which shall serve as collateral for the indebtedness and obligations evidenced by the Promissory Note, as modified.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

dated                                    in the maximum principal amount of $

granted by

dated                                    in the maximum principal amount of $

granted by

Security Agreement(s) granting a security interest to Bank:

dated                          given by

dated                          given by .

Securities Account Pledge and Security Agreement dated                                              , executed by

Control Agreement(s) dated                          , covering      Deposit Account(s)        Investment Property
                                                                Letter of Credit Rights    Electronic Chattel Paper

Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated
                          , executed by

Pledge and Security Agreement for Publicly Traded Certificated Securities dated                              , executed
by

Assignment of Life Insurance Policy as Collateral dated                                        , executed by

Loan Agreement dated                          , executed by Borrower and        Guarantor(s).

The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the Promissory Note:

OTHER

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) evidenced by the Promissory Note is not extinguished hereby. It is agreed that except for the modification(s) contained herein, the Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in the Promissory Note, as modified hereby, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under the Promissory Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with the Promissory Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with the Promissory Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now-existing or hereafter arising, shall remain as security for the Promissory Note, as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under the Promissory Note, as modified hereby, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of Georgia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under the Promissory Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by the Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

(SIGNATURES ON FOLLOWING PAGE)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower:       WATERSIDE PROPERTIES LLC
Account Number:     ████ 1287               Note Number:      00001
Modification Amount:    1,800,000.00          Modification Date:   10/26/2010

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, have caused this Agreement to be executed under seal.

**If Borrower is a Corporation:**

WITNESS:

                                            NAME OF CORPORATION
                        By: _____     (SEAL)
                        Title: _____
                        By: _____     (SEAL)
                        Title: _____

**If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:**

WITNESS:                                     WATERSIDE PROPERTIES LLC
_Deborah A. Mathis_                          NAME OF PARTNERSHIP, LLC, LLP, OR LLLP
                        By: _____ member (SEAL)
                        Title: _____
                        By: _____     (SEAL)
                        Title: _____
                        By: _____     (SEAL)
                        Title: _____

**If Borrower is an Individual:**

WITNESS:

                                                         (SEAL)

**Additional Borrowers and Debtors/Grantors/Guarantors:**

WITNESS:

                                                         (SEAL)
                                                         (SEAL)
                                                         (SEAL)
                                                         (SEAL)
                                                         (SEAL)
                                                         (SEAL)

1373GA (1004)                                            Page 4 of 4